# EXHIBIT 11

R. Douglas Dalton, 004963
William D. Furnish, 028725
Bryce Talbot, 035756
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
ddalton@omlaw.com
wfurnish@omlaw.com
btalbot@omlaw.com

Attorneys for Plaintiffs

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Paul Johnson Drywall, Inc.; Johnson 2013 Irrevocable Trust, dated December 28, 2013; and RCJ Irrevocable Trust, dated April 29, 2010,<br><br>Plaintiffs,<br><br>v.<br><br>Defendant Limited Partnership,<br><br>Defendant. | No. CV2021-011077<br><br>**MOTION FOR LEAVE TO FILE UNDER SEAL**<br><br>(Assigned to the Honorable Timothy Thomason) |

Pursuant to Rule 5.4 of the Arizona Rules of Civil Procedure, Plaintiffs seek the Court's leave to file under seal Plaintiffs' First Amended Complaint.

The First Amended Complaint contains and refers to information that may be protected by the confidentiality provisions of written agreements between the parties. Plaintiffs' counsel has been unable to obtain a stipulation to this Motion and this Motion should therefore be considered opposed and is accompanied by a Rule 7.1(h) good faith consultation certificate.

**I.   Legal Authority**

Courts may restrict public access to records in the "interests of confidentiality [and] privacy." Ariz. R. Sup. Ct. 123(c)(1); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-99 (1978) (recognizing that public access is not absolute). This Court may order that Plaintiffs' motion be filed under seal if it finds:

(A) an overriding interest exists that supports filing the document under seal and overcomes the right of public access to it; (B) a substantial probability exists that the person seeking to file the document under seal (or another person) would be prejudiced if it is not filed under seal; (C) the proposed restriction on public access to the document is no greater than necessary to preserve the confidentiality of the information subject to the overriding interest; and (D) no reasonable, less restrictive alternative exists to preserve the confidentiality of the information subject to the overriding interest.

Ariz. R. Civ. P. 5.4(c)(2).

## II.     The Court Should Grant Plaintiffs' Motion

There is good cause for granting leave to file the First Amended Complaint under seal because the subject of the litigation is a proposed business venture between Plaintiffs and Defendant that involves confidential business information, and the parties entered into a nondisclosure agreement ("NDA") and a letter of intent ("LOI") related to this venture that contain certain confidentiality provisions protecting this information.

Previously, Plaintiffs filed this lawsuit with a "John Doe" defendant. Plaintiffs have an overriding interest in being able to pursue this lawsuit, and Defendant must be named at some point to advance Plaintiffs' claims in this lawsuit. In an abundance of caution in doing so, Plaintiffs request that the Court grant leave to file under seal Plaintiffs' First Amended Complaint naming the Defendant until the parties can agree to the scope of the parties' confidentially obligations or the Court makes a determination thereof. "When scrutinizing the actions of a private party rather than the actions of the government, privacy interests weigh more heavily." *Ctr. for Auto Safety v. Goodyear Tire & Rubber Co.*, 247 Ariz. 567, 573 ¶ 26 (App. 2019) (citing *Lake v. City of Phx.*, 222 Ariz. 547, 549 ¶ 7 (2009)). The Parties' interests here overcome the right of public access to the limited information that will be unavailable to the public.

Furthermore, because Defendant has not responded affirmatively to requests to stipulate to file this matter under seal, and because Defendant must be named at some point to advance Plaintiffs' claims in this lawsuit, there is no less restrictive means that would suffice other than filing the First Amended Complaint under seal and keeping

Defendant's identity confidential from the public docket until the Court can determine the scope of the parties' confidentiality obligations.

### III. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court grant this Motion. A proposed form of order accompanies this Motion.

DATED this 19th day of July, 2021.

                OSBORN MALEDON, P.A.

                By /s/R. Douglas Dalton
                   R. Douglas Dalton
                   William D. Furnish
                   Bryce Talbot
                   2929 North Central Avenue, 21st Floor
                   Phoenix, Arizona 85012-2793

                Attorneys for Plaintiffs

This document was electronically filed
and copy delivered*/e-served via the
AZTurboCourt eFiling system this 19th day
of July, 2021, on:

Honorable Timothy Thomason
Maricopa County Superior Court
101 West Jefferson, ECB-713
Phoenix, Arizona 85003

/s/Kelly Dourlein
9068383_1

- 3 -