WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Johnson Drywall Incorporated, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>Sterling Group LP,<br><br>      Defendant. | No. CV-21-01408-PHX-DWL<br><br>**ORDER** |

Upon the Court's review of the docket, several matters require immediate attention and are addressed in this order.

## BACKGROUND

On July 13, 2021, Plaintiffs Paul Johnson Drywall, Inc. ("PJD"), Johnson 2013 Irrevocable Trust, dated December 28, 2013, and RCJ Irrevocably Trust, dated April 29, 2010 (collectively the "Johnson Trusts") filed suit against an anonymous "Defendant Limited Partnership" in the Superior Court of Maricopa County, Arizona. (Doc. 1 ¶ 1; Doc. 1-11.)

On July 19, 2021, Plaintiffs filed a motion for leave to file an amended complaint under seal, which stated that "[i]n an abundance of caution . . . , Plaintiffs request that the Court grant leave to file under seal Plaintiffs' First Amended Complaint naming the Defendant until the parties can agree to the scope of the parties' confidentially obligations or the Court makes a determination thereof." (Doc. 1-12 at 2.)

On July 20, 2020, Plaintiffs lodged under seal their First Amended Complaint

("FAC") identifying the Defendant in this action as Sterling Group LP ("Sterling"). (Doc. 1 ¶ 2; Doc. 8.)

On August 5, 2021, Plaintiffs lodged under seal a motion to set a preliminary injunction hearing and for expedited discovery procedures, along with voluminous exhibits (Doc. 1-8), and filed a motion for leave to file under seal (Doc. 1-14).

On August 9, 2021, the state court noted that it could "order papers filed under seal only upon a showing that the specific circumstances exist under Rule 5.4 [of the Arizona Rules of Civil Procedure]" and that it was "questionable" whether "such a showing ha[d] been made," but nevertheless ordered, "as an interim measure," that the FAC and the motion for preliminary injunction could be temporarily filed under seal until the sealing issue could be addressed in more depth at a hearing scheduled for August 24, 2021. (Doc. 1-16.)

On August 13, 2021, Defendant removed this action to federal court. (Doc. 1.) The sole basis asserted for subject matter jurisdiction is diversity. (*Id.* ¶¶ 4-12.) Defendant did not, however, plead the citizenship of the Johnson Trusts, noting only that they "assert that they are irrevocable trusts organized under Arizona law." (*Id.* ¶ 8.)

On August 16, 2021, Defendant filed a motion to allow the temporarily-sealed FAC and motion for preliminary injunction to remain sealed "until such time as the Court can address the appropriateness of sealing these documents." (Doc. 4.)[1] The Court granted the motion. (Doc. 7.)

On August 18, 2021, Plaintiffs filed a notice that the preliminary injunction motion filed in state court remains pending and requested that the Court set a hearing on the motion as soon as the Court's calendar permits. (Doc. 10.)

On August 19, 2021, this action was randomly reassigned to the undersigned judge. (Doc. 13.)

…

---

[1] This motion also requested that the case caption be changed to reflect that Sterling, rather than the anonymous placeholder designation "Defendant Limited Partnership," is the Defendant in this action. (Doc. 4.) The Court granted this request. (Doc. 7.)

**DISCUSSION**

Before the Court can move forward with setting a preliminary injunction hearing, three issues must be settled: (1) whether the Johnson Trusts have the capacity to sue, (2) whether this Court has subject matter jurisdiction in light of the citizenship of the Johnson Trusts—or, if the trusts lack the capacity to sue, the citizenship of their trustees, and (3) whether the FAC, motion for preliminary injunction, and exhibits thereto may remain sealed.

I.   The Johnson Trusts' Capacity To Sue; Subject Matter Jurisdiction

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal Practice § 3611 at 521 & n. 34. There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiffs and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

The notice of removal establishes that PJD is a citizen of Arizona (Doc. 1 ¶ 7) and Sterling is a citizen of Texas (*id.* ¶¶ 5-6). The citizenship of the Johnson Trusts, on the other hand, is not alleged.

Nor is it clear that the Johnson Trusts are proper parties to this case—that is, that they have the capacity to sue. Arizona law governs this question. Fed. R. Civ. P. 17(b)(3)

(capacity to sue, for parties other than individuals or corporations, is determined by the law of the state where the court is located, with exceptions not relevant here); *Irwin Union Collateral Inc. v. Peters & Burris, LLC*, 2009 WL 5184902, *3 (D. Ariz. 2009) ("[S]ince the trust is neither an individual nor a corporation, the law governing whether the Sass Trust has the capacity to sue or be sued is governed by Arizona law, the state in which this Court sits.").

In general, "it appears that a trust would lack the capacity to sue or be sued under Arizona law." *Irwin Union*, 2009 WL 5184902 at *4; *see also* 76 Am. Jur. 2d Trusts § 601 ("At common law, a trust cannot sue or be sued because it is not a juristic person.  In most jurisdictions, a trust is not an entity separate from its trustees, and cannot sue or be sued in its own name, and therefore, the trustee, rather than the trust, is the real party in interest in litigation involving trust property.  Because a trust is not a legal entity, and does not have capacity, any suits involving the trust must be brought by or against the trustees."); *Matter of Book*, 2019 WL 2394259, *2 (Ariz. Ct. App. 2019), *review denied* (2019) (unpublished) ("Generally, a common-law trust is not considered a legal entity capable of suing or being sued; therefore, any suit involving the trust must be brought by or against its trustee.").

However, "[t]he power of a trust to sue or be sued depends on the nature of the trust." *McLeod v. Deutsche Bank Nat'l Tr. Co.*, 2017 WL 2189498, *3 (Ariz. Ct. App. 2017) (unpublished).  Although a common-law trust cannot sue in its own name—such a suit must be brought by its trustee—a business trust, created pursuant to A.R.S. § 10-1871, may sue in its own name.  *Id.*

Because a suit by a common-law (or "traditional") trust must be brought by a trustee in his or her own name, the trustee's citizenship "is all that matters for diversity purposes." *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016).  However, if a state applies the "trust" label to an unincorporated entity that can sue or be sued, that entity "possesses the citizenship of all its members." *Id.*

Here, the Court lacks the information necessary to determine whether the Johnson Trusts are traditional trusts under Arizona common law or "business trusts" pursuant to

A.R.S. § 10-1871. If they are traditional trusts, they must be dropped as parties to this lawsuit, and their trustees may be added. Fed. R. Civ. P. 21. In that case, the Court will need to know the citizenship of the trustees to ensure that subject matter jurisdiction exists. However, if the Johnson Trusts are business trusts, they may proceed as parties in this action. In that case, the Court will need to know the citizenship of each member of the trust. *Americold.*, 136 S. Ct. at 1016.

Plaintiffs must file, by August 27, 2021, (1) a motion to substitute the trustees of the Johnson Trusts for the trusts themselves, accompanied by declarations establishing the citizenship for diversity purposes of the trustees, or (2) evidence that the Johnson Trusts are business trusts, capable of suing in their own names, accompanied by a list of each trust's members and the citizenship of each member.[2]

II.   <u>Whether The FAC, PI Motion, and Exhibits Thereto May Remain Sealed</u>

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).

The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case."

---

[2]   The Court has lumped the two trusts together for the ease of discussion, but of course it is possible that one of the trusts is a traditional trust and the other is a business trust, in which case Plaintiffs must act as appropriate for each of the two separate trusts.

*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). The "compelling reasons" standard applies to the motion for preliminary injunction and the exhibits thereto. It goes without saying that it also applies to the FAC. *See, e.g.*, *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1161 (N.D. Cal. 2021) ("[T]his Court and many others have held that the compelling reasons standard applies to the sealing of a complaint precisely because the complaint forms the foundation of the lawsuit."); *Pintos v. Pac. Creditors Ass'n,* 565 F.3d 1106, 1115 (9th Cir. 2009) (noting that the "compelling reasons" standard applies to most judicial records).

The reasons set forth in Plaintiffs' motions to seal (Docs 1-12, 1-14) do not satisfy the *Kamakana* standard. Plaintiffs may file a motion to allow these documents to remain sealed—otherwise, the Court will order them unsealed and filed in the public record. The more specific and compelling the reasons and facts provided are, the more likely it is that the Court will find that compelling reasons justify sealing documents or portions of documents. However, where a party puts certain information at issue, that party's ability to claim an interest in privacy is weakened. *See, e.g.*, *Longoria v. Kodiak Concepts LLC*, 2020 WL 4501456, *1 (D. Ariz. 2020) ("Plaintiffs cannot reasonably bring this action and then expect confidentiality . . . ."); *B.F. v. Amazon.com, Inc.*, 2019 WL 4597492, *2 (W.D. Wash. 2019) ("By bringing this lawsuit against Defendants, [Plaintiffs] have put [information sought to be sealed] directly at issue, and cannot reasonably expect filings in this case not to include details about [that information]."); *Shapiro v. Hasbro Inc.*, 2016 WL 9137526, *3 (C.D. Cal. 2016) ("Hasbro put these documents at issue in the litigation and thus fails to [] make a particularized showing of compelling reason[s] to file these exhibits under seal.").

Moreover, the Court will not seal a document in its entirety when only a portion of the document contains material that satisfies the applicable legal standard for sealing. Where a party seeks to seal only certain portions of a given document, the party must lodge under seal pursuant to LRCiv 5.6(c) an unredacted version of the document, which ***must include highlighting to indicate which portions of the document the party seeks to redact***.

Accordingly,

**IT IS ORDERED** that Plaintiffs file, by August 27, 2021, (1) a motion to substitute the trustees of the Johnson Trusts for the trusts themselves, accompanied by declarations establishing the citizenship for diversity purposes of the trustees, or (2) evidence that the Johnson Trusts are business trusts, capable of suing in their own names, accompanied by a list of each trust's members and the citizenship of each member

**IT IS FURTHER ORDERED** that Plaintiff may, by August 27, 2021, file a motion to allow the FAC, motion for preliminary injunction, and/or the exhibits thereto to remain sealed, in full or in part.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file a sealing motion by August 27, 2021, the Clerk of Court shall file in the public record the FAC (Doc. 8) and the motion for preliminary injunction and the exhibits thereto (Doc. 8-1).

Dated this 20th day of August, 2021.

Dominic W. Lanza
United States District Judge