**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Johnson Drywall Incorporated, et al., | No. CV-21-01408-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Sterling Group LP, | |
| Defendant. | |

Plaintiffs have filed a motion for leave to publicly file their second amended complaint ("SAC") with redactions, and to file under seal an unredacted copy thereof. (Doc. 28.) The motion is denied without prejudice.

In previous sealing-related orders, the Court noted that the sensitivity of many of the proposed redactions was not "obvious" and that it was "unclear why the public disclosure of such information would result in tangible harm to the parties." (Doc. 26 at 2.) The Court also emphasized that future sealing requests "must explain, with specificity, why each proposed redaction meets the standard for sealing." (*Id.*)

On September 8, 2021, Plaintiffs filed a notice of filing their SAC (Doc. 29) and lodged under seal a redlined version (Doc. 30) and clean version (Doc. 31) of their SAC—both containing highlighting to indicate the proposed redactions, pursuant to the Court's August 20, 2021 order (Doc. 15 at 6) and August 24, 2021 order (Doc. 18 at 5). Plaintiffs also filed the motion to seal the SAC. (Doc. 28.)

Plaintiffs correctly assert that trade secrets are generally subject to sealing. (Doc.

28 at 2-3.) "The factors relevant to a determination of whether the strong presumption of access is overcome include the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (internal quotation marks omitted); see *also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (courts often seal "business information that might harm a litigant's competitive standing"); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.") (internal quotation marks omitted).

Nevertheless, the burden is on Plaintiffs to demonstrate that each proposed redaction covers material is, in fact, a trade secret, or is at least "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

Here, Plaintiffs' explanations are vague and conclusory. Plaintiffs frequently state, without explanation, that disclosure of the information that is the subject of the sealing request would cause "competitive harm," that the information is "confidential," "non-public," or "secret," or that allowing others to obtain the information would allow them to "exploit' it. (Doc. 28 at 3-4.) But these conclusory statements do not aid the Court in understanding why or how certain information could cause competitive harm, and the majority of the proposed redactions do not appear sensitive on their face. As illustrative examples, it is unclear how the information that has been redacted from paragraphs 19 and 54 could be considered a trade secret or why the public disclosure of that information could result in tangible harm—although there are generic references to "customers," "pricing

information," and the like, no actual customers, pricing terms, or other specifics are revealed.  *Cf. Vesta Corp. v. Amdocs Mgmt. Ltd.*, 312 F. Supp. 3d 966, 972 (D. Or. 2018) ("Plaintiff has not articulated a sufficient factual basis upon which the Court could base its ruling.  Plaintiff contends that this information is proprietary and confidential to Plaintiff and that its release may harm Plaintiff and third parties.  But Plaintiff does not provide evidence from which the Court can conclude that the disclosure of this information—as it appears in the transcript at issue—might result in the release of trade secrets, its improper use, or harm to a business's competitive standing."); *Primus Grp., Inc. v. Inst. for Env't Health, Inc.*, 395 F. Supp. 3d 1243, 1270 (N.D. Cal. 2019) ("conclusory allegations of harm" did not "outweigh the public's right of access").  Moreover, the mere fact that the information is currently non-public or that one or both parties would prefer to keep the information 'secret' or consider it 'confidential' does not establish grounds for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016).

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for leave to publicly file the SAC with redactions, and file under seal an unredacted copy thereof (Doc. 28) is denied without prejudice.  Plaintiffs shall, by September 27, 2021, (1) file a renewed motion to seal portions of the SAC or (2) file in the public record an amended complaint without redactions.

Dated this 13th day of September, 2021.

Dominic W. Lanza
United States District Judge