**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Johnson Drywall Incorporated, et al., | No. CV-21-01408-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Sterling Group LP, | |
| Defendant. | |

Pending before the Court are a pair of related discovery motions: (1) a renewed motion for expedited discovery by Plaintiff Paul Johnson Drywall, Inc. ("PJD") (Doc. 58);[1] and (2) a motion for protective order by Defendant The Sterling Group, L.P. ("Sterling") (Doc. 60). PJD's motion is fully briefed (Docs. 65, 67), neither side has requested oral argument, and the Court finds it unnecessary to wait for Sterling's motion to become fully briefed because the issues are interrelated and adequately addressed by the existing briefing. For the following reasons, both motions are denied.

## RELEVANT BACKGROUND

On July 13, 2021, PJD initiated this action by filing a complaint in Maricopa County Superior Court. (Doc. 1 ¶ 1.) PJD thereafter filed an amended complaint. (*Id.* ¶ 2.) As discussed in more detail in a recent order, PJD's overarching theory is that it shared certain

---

[1] Although the motion was filed by PJD and its then co-plaintiffs, those co-plaintiffs have since been dismissed from this action. (Doc. 66.) Thus, for ease of reference, the Court will use the shorthand "PJD" when referring to actions that were taken by all of the original plaintiffs.

confidential information, known as the "Protected Information," with Sterling pursuant to a non-disclosure agreement ("NDA") between the parties, that the NDA only allowed Sterling to disseminate the Protected Information to third parties for limited purposes and after taking appropriate safeguards, and that Sterling violated these obligations by sharing the Protected Information with third parties for unauthorized purposes and without following the agreed-upon safeguards. (Doc. 66.)

On August 13, 2021, Sterling removed the action to this Court. (Doc. 1.) At the time of removal, the state court had not yet ruled on a motion by PJD to set a preliminary injunction hearing and adopt expedited discovery procedures. (Docs. 10, 40.)

On September 8, 2021, PJD attempted to file its operative pleading, the second amended complaint ("SAC"). (Doc. 29.) After various sealing-related disputes, a partially redacted version of the SAC was filed in the public record. (Doc. 56.)

On September 22, 2021, Sterling filed a motion to dismiss the SAC. (Doc. 37.) This motion later became fully briefed. (Docs. 48, 50.)

On September 30, 2021—before the motion to dismiss became fully briefed—the Court held a hearing on PJD's motion to set a preliminary hearing and adopt expedited discovery procedures. (Doc. 45 [minute entry]; Doc. 52 [transcript].) The Court ultimately denied PJD's request to authorize expedited discovery, because the specific discovery requests proposed by PJD were overbroad, but also noted that the parties' dispute seemed to stem from Sterling's failure to "provide crisp and clear information in response to a prelitigation request" by PJD for information about the identity of the third parties with whom Sterling had shared the Protected Information and the steps Sterling had taken to safeguard the Protected Information. (Doc. 52 at 33-35.) Thus, the Court ordered the parties to continue meeting and conferring about these issues and stated that, if PJD "remain[ed] dissatisfied at the conclusion of that process, [it was] welcome to resubmit a renewed request for expedited discovery that is more tailored and tiered." (*Id.* at 35.)

On November 15, 2021, the parties participated in a Rule 26(f) conference. (Doc. 58 at 12; Doc. 65 at 16-17.) Although this conference occurred earlier than required under

the applicable rules, the parties jointly agreed to expedite it. (*Id.*)

On November 24, 2021, PJD filed the first motion now pending before the Court—the renewed motion for expedited discovery. (Doc. 58.) That same day, PJD served its first set of interrogatories and requests for production ("RFPs") on Sterling. (Doc. 59.)

On December 8, 2021, Sterling filed an opposition to the motion for expedited discovery. (Doc. 65.)[2] That same day, Sterling filed the second motion now pending before the Court—a motion for protective order (Doc. 60).

On December 13, 2021, the Court issued an order denying Sterling's motion to dismiss the SAC in significant part. (Doc. 66.)

On December 15, 2021, PJD filed a reply in support of its motion for expedited discovery. (Doc. 67.)

**DISCUSSION**

I.  PJD's Motion For Expedited Discovery

   A.  **The Parties' Arguments**

PJD contends that, although it attempted to meet and confer with Sterling in good faith following the September 30, 2021 hearing to obtain more information about Sterling's information-sharing activities (and the safeguards that Sterling followed when conducting those activities), Sterling has not provided complete information during this process. (Doc. 58 at 12-13.) Thus, PJD renews its earlier request to pursue expedited discovery from Sterling on these topics. (*Id.*) More specifically, PJD argues that Sterling should be required to answer four interrogatories and respond to five RFPs within 14 days of the entry of the order granting the request for expedited discovery and that Sterling should then be required to produce a Rule 30(b)(6) witness by December 31, 2021 to provide related testimony. (*Id.* at 13-16.) In support of this proposal, PJD argues that the topics addressed in its proposed discovery requests are "clearly relevant to its trade secret, breach of contract, and misappropriation claims and [are necessary] to prevent the threat of current,

---

[2] More precisely, Sterling sought to file a sealed version of the response on December 8, 2021 (Doc. 61), and after the sealing request was denied (Doc. 63), Sterling filed the unsealed version on December 9, 2021 (Doc. 65).

ongoing harms from the unprotected dissemination of PJD Information," that any burden on Sterling is minimal because PJD has "significantly narrowed" the scope of the original expedited discovery requests that were discussed during the September 30, 2021 hearing, and that "the fact that ordinary discovery has now commenced in this lawsuit is another basis for ordering compliance with [the proposed discovery requests] on an expedited basis." (*Id.*)

Sterling opposes PJD's motion. (Doc. 65.) As an initial matter, Sterling defends the sufficiency of its disclosure efforts in the aftermath of the September 30, 2021 hearing and characterizes PJD's requests during this period as a "moving target." (*Id.* at 2-13.) On the merits, Sterling argues that PJD's motion should be denied for three reasons: (1) PJD has failed to establish the sort of "good cause" required to justify expedited discovery because PJD's proposed discovery requests are simply intended to provide support for PJD's claims; (2) PJD has failed "to specifically identify the trade secret or Protected Information at issue" and "courts in trade-secret cases . . . regularly require a trade-secrets plaintiff to identify those secrets with reasonably particularity prior to commencing discovery"; and (3) because PJD has not defined the information at issue with the necessary degree of specificity, complying with the proposed discovery requests "would require Sterling to search through and produce thousands and thousands of communications and documents related to the Transaction that will undoubtedly be irrelevant and unhelpful to either party," thus rendering the proposed discovery requests "overly broad and unduly burdensome." (*Id.* at 13-16.) Sterling also dismisses as irrelevant the fact that the Rule 26(f) conference has already occurred because it informed PJD during the Rule 26(f) conference that it opposes engaging in any discovery until the Court rules on the motion to dismiss the SAC and until PJD defines the trade secrets and confidential information at issue with more specificity. (*Id.* at 16-17.) Finally, Sterling argues that if the Court allows expaedited discovery, Sterling should be allowed to serve its own expedited requests and schedule an expedited Rule 30(b)(6) deposition of PJD. (*Id.* at 17.)

In reply, PJD begins by reiterating why Sterling's information-sharing efforts since

the September 30, 2021 hearing should be deemed inadequate. (Doc. 67 at 1-3.) Next, PJD argues that it "no longer needs to meet the 'good cause' standard because ordinary discovery has commenced as of November 15, 2021," *i.e.,* the date of the parties' Rule 26(f) conference. (*Id.* at 3-5.) In a related vein, PJD notes that it formally served its first set of discovery requests on Sterling on November 24, 2021, which means that Sterling's response would be due by December 24, 2021 in the "ordinary course" of "normal" discovery, and that Sterling is effectively and improperly "seeking to stay discovery entirely." (*Id.*) Next, PJD notes that, because the Court has now "largely denied" Sterling's motion to dismiss the SAC, this outcome underscores why PJD should be allowed to pursue discovery in support of its claims without further delay. (*Id.* at 5.) Next, PJD argues that it shouldn't be required to provide more specificity regarding the nature of the Protected Information because it has no way of knowing what Sterling improperly disseminated to third parties and because it has already provided the necessary degree of specificity. (*Id.* at 5-6.) Finally, PJD argues that even if the "good cause" standard applies here, the standard is satisfied because the proposed discovery requests seek information related to ongoing harms and because "Sterling is attempting to turn discovery into a confirmation process." (*Id.* at 6-10.)

B. **Analysis**

PJD's motion for permission to conduct expedited discovery is largely moot. The parties held their Rule 26(f) conference on November 15, 2021. This is the critical date for purposes of assessing the parties' entitlement to pursue discovery without judicial approval. Under Rule 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Thus, "[p]arties generally may not seek discovery until they have their Rule 26(f) discovery planning meeting." 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 26, at 877 (2021). *See also Davidson v. O'Reilly Auto Enterprises, LLC*, 968 F.3d 955, 960 n.3 (9th Cir. 2020) ("Although Davidson initially propounded discovery requests on June 30, 2017, her requests were premature because the parties had not yet met and conferred as required by

Rule 26(f) of the Federal Rules of Civil Procedure."). However, "[f]rom that point on, the parties are free to seek discovery as they see fit unless the court intervenes. The parties do not need to wait for the court to enter a scheduling order." 1 Gensler, *supra*, at 877. *See also Health & Wellness Lifestyle Clubs, LLC v. Raintree Golf, LLC*, 808 F. App'x 338, 346 (6th Cir. 2020) ("[H&W] was free to seek discovery at any point after the parties' initial discovery conference.").

Here, because the parties held their Rule 26(f) conference on November 15, 2021, PJD was entitled from that point forward to serve discovery requests on Sterling. Indeed, it appears that PJD did just that—the docket reflects that PJD served interrogatories and RFPs on Sterling on November 24, 2021 (Doc. 59) and PJD intimates in its motion papers (Doc. 67 at 4) that those *actual* discovery requests mirror the *proposed* expedited discovery requests set forth in Exhibits A and B to its motion. It is unclear to the Court why it must take any action regarding the proposed expedited discovery requests under this circumstance—they are duplicative of the actual discovery requests that PJD permissibly served following the Rule 26(f) conference.

To the extent PJD seeks to compel Sterling to respond to the proposed expedited discovery requests in an abbreviated timeframe, that aspect of PJD's request is also largely moot. Although PJD filed its motion for expedited discovery on November 24, 2021, it did not request expedited briefing on that motion.[3] As a result, the motion did not become fully briefed until December 15, 2021. (Doc. 67.) Thus, even if the Court granted the motion now, Sterling's response to the proposed written discovery requests would not be due until December 31, 2021, *i.e.,* "within 14 days of the order." (Doc. 58 at 2.) In contrast, Sterling's response to the actual written discovery requests that PJD served on November 24, 2021 is due by December 24, 2021—that is, a few days earlier than the "expedited"

---

[3] The Court's preliminary order explains that "[a]ny party desiring expedited consideration of a motion or other matter pending before the Court may make such a request by filing a separate *Notice for Expedited Consideration*. This notice should set forth the grounds warranting accelerated resolution and identify the dates of the imminent events pertinent to the request. A request for expedited consideration that is simply mentioned in the caption/title of the related filing will not be considered—a separate notice must be filed." (Doc. 18 at 6.) Here, PJD neither filed a separate notice nor included a request for expedited consideration in the caption of its motion.

- 6 -

response to the proposed discovery requests would be due.

Finally, as for PJD's request to compel Sterling to participate in a Rule 30(b)(6) deposition "on a date no later than December 31, 2021" (Doc. 58 at 2-3), that request is not moot but is denied on the merits. PJD's rationale in making this request was that the Rule 30(b)(6) deposition would be "phased after" the parties completed their initial round of expedited written discovery (*id.* at 15), but as discussed in the preceding paragraphs, any response to PJD's written discovery requests will be due no earlier than December 24, 2021. Even putting aside the holiday season, one week is too little time to expect Sterling's Rule 30(b)(6) designee to be prepared to testify following this deadline. At any rate, because the Rule 26(f) conference has already occurred, PJD is free to notice Sterling's Rule 30(b)(6) deposition without seeking permission from the court.

For these reasons, PJD's renewed motion for expedited discovery is denied.

II.     Sterling's Motion For Protective Order

   A.     **The Parties' Arguments**

In its affirmative motion for relief, Sterling seeks "a protective order staying all discovery (both Plaintiffs' expedited requests and general discovery) for two reasons. First, discovery should be stayed until Plaintiffs identify PJD's trade-secret and protected information with reasonable particularity. Second, a stay of discovery is warranted pending Sterling's motion to dismiss." (Doc. 60 at 2.)

As an initial matter, because the Court has now denied PJD's motion for expedited discovery, Sterling's request for a protective order related to PJD's expedited discovery requests is moot. This means that Sterling is only seeking a protective order related to "general discovery." Additionally, although the Court had not yet ruled on Sterling's motion to dismiss at the SAC at the time Sterling filed its request for a protective order (and Sterling relies on the pendency of that motion as one of its two grounds for seeking the protective order), the motion-to-dismiss ruling has now issued. (Doc. 66.) Thus, the sole remaining ground on which Sterling seeks a stay of general discovery is that PJD has failed to identify the Protected Information with "reasonable particularity." And although

PJD has not yet formally responded to Sterling's motion, PJD already addressed the "reasonable particularity" issue in its reply in support of its motion for expedited briefing. (Doc. 67 at 5-6.)

B.     **Analysis**

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." *Id.*  Such protective orders may be sought for a host of different reasons, including "protect[ing] a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*  "With respect to undue burden and expense, Rule 26(c) operates parallel to, and in tandem with, the proportionality limits now set forth in Rule 26(b)(1)." 1 Gensler, *supra*, Rule 26, at 865.

Rule 26(c)(1) specifies that a protective order may be issued only "for good cause." The burden of establishing "good cause" falls onto the party seeking the protective order. *In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) ("Under Rule 26, . . . [t]he party opposing disclosure has the burden of proving 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted.") (citation omitted).  If the requisite showing is made, the court "has broad power" and "can choose from a wide range of protective measures." 1 Gensler, *supra*, Rule 26, at 866.  Those protective measures include, but are not limited to, "forbidding the discovery," "specifying terms . . . for the disclosure or discovery," "prescribing a discovery method other than the one selected by the party seeking discovery," and "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *See* Fed. R. Civ. P. 26(c)(1)(A)-(H).

Applying these standards, Sterling has not met its burden of establishing an entitlement to relief.  The primary case on which Sterling relies is *BioD, LLC v. Amnio Technology, LLC*, 2014 WL 3864658 (D. Ariz. 2014), but there the court granted a protective order because "plaintiffs' identification of their trade secrets to date has been much too vague and general." *Id.* at *6.  Here, in contrast, PJD has defined the Protected

Information with the sort of specificity that was lacking in *BioD*. For example, the SAC alleges that:

> The Protected Information PJD provided to Sterling included valuable financial, operational, market, resources, personnel and contact information relating to PJD and others in the drywalling industry; information concerning markets and regions . . . ; strategy and operations models for the PJD Venture; information concerning employee relations; risks and benefits of PJD's W-2 labor model versus the 1099 model being utilized by PJD's competitors and others; legal and regulatory compliance information; valuable vendor, manufacturer, and distributor/supplier purchasing and integration models and information; customer and pricing models and information; spreadsheets, databases and other sources of financial information and analysis; valuable models and strategic and tactical advice and information; volume and related data for geographic market analysis . . . ; and the identity of, and valuable information about, numerous identified target companies throughout the United States that are integrally involved in the drywall industry, including information concerning synergies and how to enhance those companies' profitability to establish which companies were likely to be the most 'actionable' participants in PJD's roll-up strategy.

(Doc. 56 ¶ 44.) This does not strike the Court as a vague, general description that is lacking particularity. Thus, Sterling's request for a protective order that would stay all discovery in this action is denied.

III.   <u>Final Observations And Discovery-Dispute Process</u>

The Court recognizes that the rulings set forth in this order likely do not resolve all of the parties' discovery-related disputes. It appears that Sterling may have specific objections to the written discovery requests that PJD served on November 24, 2021, including objections related to overbreadth and undue burden. Nevertheless, those objections are not properly before the Court at this time—PJD only moved for an order granting expedited discovery (which has been denied, largely on mootness grounds) and Sterling only moved for a blanket order staying all discovery (which has been denied).

At any rate, the Court hopes that the rulings in this order will help the parties narrow (if not eliminate) future disputes. As noted, the Court is satisfied that PJD has identified the Protected Information with reasonable particularity, so any future objection on this

ground is unlikely to be successful. Additionally, if future disputes do arise, the parties are ordered to adhere to the following process when presenting such disputes to the Court:

> The parties shall not file written discovery motions without leave of the Court. Except during a deposition, if a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall jointly file (1) a brief written summary of the dispute, not to exceed three pages per side, explaining the position taken by each party, and (2) a joint written certification that counsel or the parties have attempted to resolve the matter through personal consultation and sincere efforts as required by Local Rule of Civil Procedure 7.2(j) and have reached an impasse. If the opposing party has refused to personally consult, the party seeking relief shall describe the efforts made to obtain personal consultation. Upon review of the written submission, the Court may set a telephonic conference, order written briefing, or decide the dispute without conference or briefing. Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j). If a discovery dispute arises in the course of a deposition and requires an immediate ruling of the Court, the parties shall jointly telephone the Court to request a telephone conference regarding the dispute. Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery and will not entertain expert discovery disputes after the deadline for completion of expert discovery. Delay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines.

This is the Court's standard process for resolving discovery disputes that it includes in all Rule 16 scheduling orders. The Court adopts it now because the somewhat unusual circumstances of this case have resulted in the parties requiring assistance with resolving discovery disputes before the issuance of the Rule 16 scheduling order.

Accordingly,

**IT IS ORDERED** that:

1. PJD's renewed motion for expedited discovery (Doc. 58) is **denied**.

2. Sterling's motion for protective order (Doc. 60) is **denied**.

3. The parties must follow the procedure set forth above when seeking resolution of any future discovery disputes.

Dated this 17th day of December, 2021.

Dominic W. Lanza
United States District Judge