**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Johnson Drywall Incorporated,<br><br>    Plaintiff,<br><br>v.<br><br>Sterling Group LP, et al.,<br><br>    Defendants. | No. CV-21-01408-PHX-DWL<br><br>**ORDER** |

In this action, Plaintiff Paul Johnson Drywall, Inc. ("PJD") accused Defendant Sterling Group LP ("Sterling") of violating various provisions of a non-disclosure agreement ("NDA") between the parties and of committing various torts. On February 19, 2025, following a bench trial, the Court issued findings of fact and conclusions of law that resulted in the entry of judgment in favor of Sterling on all of PJD's claims. (Doc. 280.)

Within 14 days of entry of judgment, Sterling filed the motion now pending before the Court—a request for $2,751,543 in attorneys' fees, $386,604.24 in expert expenses, and $217,156.69 in other costs and expenses. (Doc. 282.) The sole authority that Sterling's motion invokes as the basis for seeking these awards is § 7 of the NDA, which provides as follows:

> Attorneys' fees, etc. In any action, claim, or proceeding arising out of or relating to this Agreement, the unsuccessful party in such action, claim, or proceeding shall pay all reasonable fees, costs, and expenses incurred by the Successful Party, including but not limited to, attorneys' fees, expert fees, and legal expenses. "Successful Party" means the net winner of the overall dispute, as determined by a court of competent jurisdiction in a final non-

> appealable order, taking into account: (i) the claims pursued, (ii) the success of those claims; (iii) the amount of money or remedy sought; (iv) the amount of money or remedy awarded; and (v) any offsets or counterclaims pursued (successfully or unsuccessfully) by the other party.

(Doc. 56 at 35.) In contrast, Sterling does not argue in its motion that the Court should award attorneys' fees under A.R.S. § 12-341.01, which often provides the basis for fee awards in contested contract actions in Arizona. Indeed, the only fleeting reference to § 12-341.01 in Sterling's motion is a sentence contrasting the discretionary nature of fee awards under that statute with the mandatory nature of a fee award under § 7 of the NDA. (Doc. 282 at 3.) Accordingly, in its response brief, PJD construes Sterling's motion as seeking fees only under § 7 of the NDA and makes no effort to address the availability of fees under § 12-341.01. (Doc. 284 at 3 ["'Sterling moves for fees under the NDA,' specifically Section 7. It cites no other basis for its fees, not even in the alternative. In fact, Sterling distinguishes Section 7 from A.R.S. 12-341.01(A) because it is not relying on that statute as a basis for its motion for fees."].) Nevertheless, in its reply brief, Sterling argues for the first time that "[t]he Court may proceed with awarding attorneys' fees and costs either mandatorily under the NDA *or in its discretion under A.R.S. § 12-341.01(A)*." (Doc. 287 at 3 n.1, emphasis added.)

Sterling's belated invocation of § 12-341.01(A) is improper. "The district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). It makes particular sense to apply this forfeiture rule here because PJD understandably did not, in its response brief, address the discretionary factors outlined in *Associated Indem. Corp. v. Warner*, 694 P.2d 1181 (Ariz. 1985), that apply to fee requests under § 12-341.01(A).

Turning back to § 7 of the NDA, a threshold issue presented in the parties' motion papers is whether Sterling's fee request is premature. PJD argues that because "any obligation [under § 7] to 'pay all reasonable fees, costs, and expenses' does not arise until there is a 'final non-appealable order' . . . [a]nd there cannot be a final non-appealable order until all of PJD's appeals are resolved and final, or the time to appeal has expired," it

follows that "Sterling is not eligible or entitled to seek an award of its attorneys' fees at this time." (Doc. 284 at 2-3.) Sterling replies that "Section 7 of the NDA is not 'conditioned' on a final, non-appealable order" and "does not create a condition precedent" and that "the only reasonable interpretation of Section 7 permits the Court to determine the Successful Party and award fees now, regardless of any pending appeal." (Doc. 287 at 1.) Sterling further contends that "PJD's interpretation renders the award of attorneys' fees under the NDA impossible because even if all appeals of the judgment on the merits were exhausted and the Court entered an order determining the Successful Party and awarding fees, that order would still be appealable." (*Id.* at 2.) Sterling also contends that "to interpret the NDA as creating a condition precedent of a final, non-appealable order would have required Sterling to pass the deadlines for seeking fees in Federal Rule of Civil Procedure 54 and LRCiv54.2(b) to 'wait and see' whether the Court's judgment became final. That makes no sense." (*Id.*)

PJD has the better of these arguments. Under Arizona law, "[t]he purpose of contract interpretation is to determine the parties' intent and enforce that intent. In order to determine what the parties intended, we first consider the plain meaning of the words in the context of the contract as a whole. Where the intent of the parties is expressed in clear and unambiguous language, there is no need or room for construction or interpretation and a court may not resort thereto." *Grosvenor Holdings, L.C. v. Figueroa*, 218 P.3d 1045, 1050 (Ariz. Ct. App. 2009) (citations omitted). "It is not within the province or power of the court to alter, revise, modify, extend, rewrite or remake an agreement. Its duty is confined to the construction or interpretation of the one which the parties have made for themselves." *Shattuck v. Precision-Toyota, Inc.*, 566 P.2d 1332, 1334 (Ariz. 1977). "Language in a contract is ambiguous only when it can reasonably be construed to have more than one meaning." *In re Est. of Lamparella*, 109 P.3d 959, 963 (Ariz. Ct. App. 2005).

The relevant language of § 7 is not ambiguous. It defines the term "Successful Party" as "the net winner of the overall dispute, as determined by a court of competent

- 3 -

jurisdiction in a final non-appealable order." The plain meaning of this language is that any party that wishes to be characterized as the "Successful Party"—which is a prerequisite to seeking a fee award under § 7—must identify a "final non-appealable order" in which a court of competent jurisdiction determined that it was the net winner in the parties' overall dispute. Although the Court's findings of fact and conclusions of law, as memorialized in the February 19, 2025 order, identified Sterling as the net winner in the overall dispute between Sterling and PJD, that order is not a "final non-appealable order"—PJD has already filed a notice of appeal. (Doc. 285.) It follows that the parties must wait until the conclusion of the appellate process before seeking a fee award under § 7 of the NDA. If the Ninth Circuit affirms the Court's entry of judgment in favor of Sterling, Sterling may qualify as a "Successful Party" at that time, but any determination of "Successful Party" status before then is premature.

This is, to be sure, an unusual outcome. District courts "retain[] the power to award attorneys' fees after the notice of appeal from the decision on the merits ha[s] been filed," *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983), and Federal Rule of Civil Procedure 54(d)(2)(B) and LRCiv 54.2(b)(2) both contemplate that, in the ordinary course, a motion for attorneys' fees will be filed within 14 days of entry of judgment. This approach promotes efficiency, as "postponement of fee consideration until after the circuit court mandate" means that "the relevant circumstances will no longer be fresh in the mind of the district judge." *Masalosalo*, 718 F.2d at 957. Nevertheless, this approach is not absolute—the 1993 advisory committee's notes to Rule 54(d) explain that "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or *may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.*" *Id.* (emphasis added). *See also Gaedeke Holdings VII Ltd v. Baker*, 764 F. App'x 648, 654 (10th Cir. 2019) ("Gaedeke argues, and we agree, that Rule 54 gives district courts discretion to extend the deadline for filing fee motions, including to a point in time after the resolution of 'all' appeals.").

At any rate, the Court may not allow its own conceptions of efficiency to override the parties' contractual agreement. *Shattuck*, 566 P.2d at 133 ("It is not within the province or power of the court to alter, revise, modify, extend, rewrite or remake an agreement."). The parties—both of whom are sophisticated commercial entities—agreed in § 7 that "Successful Party" status was contingent on the existence of a "final non-appealable order" declaring one side the net winner. This language may be unorthodox—neither side has identified any judicial decision construing a contractual attorneys' fee provision with similar language and the Court's independent research did not reveal any such cases—but it is still clear and unambiguous. Additionally, as noted, the advisory committee's notes to Rule 54(d) specifically authorize district courts to postpone the consideration of fee requests until after the merits appeal has been resolved.

Nor would adopting PJD's proposed interpretation lead to absurd outcomes. Although Sterling contends that "PJD's interpretation renders the award of attorneys' fees under the NDA impossible" (Doc. 287 at 2), this argument overlooks that whichever side emerges as the net winner following the conclusion of the appellate process may seek attorneys' fees at that time.[1] Delaying the availability of fees is not the same thing as making them impossible to obtain. Equally unavailing is Sterling's contention that PJD's proposed interpretation would require Sterling to "pass the deadlines for seeking fees in Federal Rule of Civil Procedure 54 and LRCiv54.2(b)." (Doc. 287 at 2.) Both provisions simply create a default 14-day deadline for seeking attorneys' fees that can be changed by court order. Fed. R. Civ. P. 54(d)(2)(B)(i) ("*Unless a statute or a court order provides*

---

[1] In making its impossibility argument, Sterling also emphasizes that an order awarding fees is appealable. (Doc. 287 at 2 ["[E]ven if all appeals of the judgment on the merits were exhausted and the Court entered an order determining the Successful Party and awarding fees, *that* order would still be appealable."]). This is true but irrelevant. If, hypothetically, the Ninth Circuit affirmed the Court's entry of judgment in favor of Sterling on all of PJD's claims, Sterling would then qualify as a "Successful Party" under § 7. And if Sterling then filed a fee request under § 7 and the Court granted that request, PJD would have the right to appeal from the resulting fee award. PJD would not, however, have the right to appeal from the earlier order determining that Sterling was the net winner in the parties' dispute—that earlier order would be "final [and] non-appealable" by virtue of the Ninth Circuit's intervening affirmance. Thus, the fact that fee awards are independently appealable does not make it impossible to seek fees under PJD's proposed interpretation of § 7.

*otherwise*, the motion [for attorneys' fees] must . . . be filed no later than 14 days after the entry of judgment . . . .") (emphasis added); LRCiv 54.2(b)(2) ("*[U]nless otherwise provided by statute or court order entered in an individual case*, the party seeking an award of attorneys' fees and related non-taxable expenses must file and serve a motion for award of attorneys' fees and related non-taxable expenses (along with a supporting memorandum of points and authorities) within fourteen (14) days of the entry of judgment in the action with respect to which the services were rendered.") (emphasis added). Through this order, the Court now specifies that any request for fees under § 7 of the NDA must be filed within 14 days of the issuance of the Ninth Circuit's mandate in PJD's pending appeal. *See* Fed. R. Civ. P. 54(d), advisory committee's notes to 1993 amendments ("A notice of appeal does not extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal."); *Derringer v. Sewell*, 2009 WL 2424662, *1 (D. Ariz. 2009) ("In the interest of judicial economy, the Court will not rule on Defendants' request for fees until after the Ninth Circuit has ruled. The Court will deny Defendants' request for fees without prejudice. Defendants may refile their memorandum within 30 days after the appeal is final."). *See generally Sinkler v. Berryhill*, 932 F.3d 83, 89 (2d Cir. 2019) ("[W]e are mindful that [Rule 54's] fourteen-day limitations period is not absolute. The rule expressly states that the specified period applies '[u]nless a statute or a court order provides otherwise.' Thus, district courts are empowered to enlarge that filing period where circumstances warrant.").[2]

…

…

…

…

---

[2] The Court also clarifies that if the Ninth Circuit remands for further proceedings, the deadline for filing a fee request under § 7 may need to be further extended (because, in that scenario, there may not yet be a "final non-appealable order" designating one side as the net winner).

- 6 -

Accordingly,

**IT IS ORDERED** that:

1. Sterling's motion for attorneys' fees (Doc. 282) is **denied without prejudice**.

2. Any request for fees under § 7 of the NDA must be filed within 14 days of the issuance of the Ninth Circuit's mandate in PJD's pending appeal.

Dated this 22nd day of April, 2025.

Dominic W. Lanza
United States District Judge